# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

|                              |   |                          |
|------------------------------|---|--------------------------|
| DONNA SLAKIS,                | : |                          |
|                              | : |                          |
|              Plaintiff,      | : |                          |
|                              | : | Case No. 3:06-CV-2141    |
|        v.                    | : |                          |
|                              | : | (Judge Kosik)            |
| COUNTY OF LUZERNE,           | : |                          |
|                              | : |                          |
|              Defendant.      | : |                          |

## MEMORANDUM

On October 31, 2006, the plaintiff, Donna Slakis (the "Plaintiff" or "Slakis"), brought this action against the defendant, Luzerne County ("Defendant" or the "County"), alleging two federal claims relating to Defendant's termination of Slakis' employment. (Doc. 1.)  In count one of the Complaint, Slakis alleges that the County violated her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, when it terminated her for taking FMLA leave.  In count two of the Complaint, Slakis alleges that the County violated her rights under 42 U.S.C. § 1983 because the County procedurally deprived Slakis of her liberty interest in her reputation pursuant to the Fourteenth Amendment.[1]

Presently before us is the County's Motion for Summary Judgment against Slakis' due process claim.  (Doc. 24.)  The County does not move for summary judgment against Slakis' FMLA claim.  All the issues have been briefed and are ripe for decision.  We have subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, because the claims in the Complaint raise federal questions.  For the reasons that follow, we will deny the Defendant's motion.

---

[1] Slakis makes clear in her Brief in Opposition to Defendant's Motion for Summary Judgment that her § 1983 due process claim is limited to a liberty interest procedural due process claim: "At no time has Ms. Slakis claimed a deprivation of a property interest or that her right to substantive due process were violated."

**FACTUAL BACKGROUND**

Defendant provides only five factual paragraphs in its statement of undisputed material facts ("SOF"). (Doc. 25.) We will use Plaintiff's Counterstatement of Material Facts ("COMF") (doc. 28) and Complaint (doc. 1) for background only.

Ms. Slakis first started work with Luzerne County in 1973, for an agency that eventually became the Workforce Investment Office. (SOF ¶ 1.) She held the position of executive secretary. (Slakis Dep. 7:7.) She is not a member of a collective bargaining unit. (SOF ¶ 5.) Around June 2004, Slakis' mother experienced health complications, which stemmed from cataract surgery. (Compl. ¶ 15.) A neurological problem caused Slakis' mother to fall; she fractured ribs and had to be hospitalized. (Compl. ¶ 16.) To care for her mother, Slakis requested by written memorandum FMLA leave from her supervisor, Richard Heffron, which he granted. (Compl. ¶¶ 17–18, 20.) Slakis requested "intermittent leave to provide care for her mother and to take her to therapy." (Compl. ¶ 19.) Prior to this request for leave, Slakis had never requested FMLA leave and she fulfilled all pre-requisites in order to be eligible for the leave. (Compl. ¶¶ 21–23.)

Around December 2004, Slakis learned that Luzerne County would not authorize her yearly raise, despite the raise recommendation by her supervisor, due to excessive absenteeism in 2004. (Compl. ¶¶ 26–28.) Slakis did not receive a raise in 2004, according to the Chief Clerk, Sam Guesto, because she had been excessively absent during the previous year. (Compl. ¶ 28.) Slakis avers that her non-FMLA leave absences did not exceed the absences of other similarly situated employees who did receive raises. (Compl. ¶ 31.)

On January 25, 2005, Slakis wrote a memorandum regarding various concerns with Mr. Guesto, which she submitted to her supervisor, Mr. Heffron. (COMF ¶ 2.) The County Chief of Budget and Finance scheduled a meeting with her and one of the county's attorneys about the memorandum, which was held later that day. (COMF ¶¶ 3–4.) Over a week later, on February 3,

2005, another meeting was held between the same parties. (COMF ¶ 5.) Slakis assumed that the meeting held on February 3, 2005 was to continue to discuss the issues in her January 25 memorandum. (COMF ¶ 5.) In fact, Slakis' January 25 memorandum was discussed at the meeting. (COMF ¶ 7.) Apparently, Slakis was told that Mr. Guesto refuted her allegations, to which Slakis responded that she wished that he were present at the meeting so that they could discuss the matter further. (COMF ¶ 7.) At the February 3 meeting, no one told Slakis that her employment might be terminated or that any adverse employment action might be taken against her. (COMF ¶ 6.)

On February 4, 2005, Luzerne County terminated Slakis' employment. The termination letter provides seven reasons for her termination:

1. You and Mr. Heffron have unilaterally decided to exclude yourself from the Time Traks System without notice to or approval from any other Supervisors.

2. You have directed that you be allowed to utilize sick time during Family Leave, which is contrary to County policy and contrary to your application for Leave, that requires you to utilize other "accrued paid leave" (unused vacation and personal days) during this leave.

3. You have utilized your position as Executive Secretary to receive different treatment and/or benefits than other employees of your office.

3.[2] You have improperly utilized an excessive amount of sick time. (This issue is in regard to the excessive sick time taken prior to your application for Family Medical Leave.)

4. You have failed to appropriately monitor sick/vacation time and personal time for employees of your office.

5. You have openly questioned the authority of upper level management to perform their duties and shown a marked resentment toward their performance of those duties.

6. Your actions have shown an unwillingness to work with your upper level management and have created an atmosphere encouraging antagonism between other employees and upper level management.

---

[2]The second numeral "3" appears to be a typographical error.

3

(SOF, Ex. 1.)  The next day, February 5, 2005, <u>The Times-Leader</u>, the local newspaper for Wilkes-Barre, Pennsylvania, published a story about the termination of Slakis and her supervisor, Mr. Heffron (who was also terminated).  (COMF, Ex. 2.)  The story provided details regarding Slakis' termination, supplied from anonymous sources:  "[T]he matter had something to do with inadequate documenting of time off and failure to obtain formal approval for an employee or employees on family or medical leave."  (<u>Id.</u>)  Luzerne County Commissioner Stephen A. Urban also commented on the matter in the story.  (<u>Id.</u>)  Slakis states that Luzerne County was responsible for the publication of allegations of improper conduct on behalf of Slakis.  (COMF 19.)  As a result of this newspaper article, many people expressed to Slakis that they thought she had been terminated for engaging in fraud.  (COMF 20.)

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Id.</u> at 249.  The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.  <u>Hugh v. Butler County Family YMCA</u>, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, the nonmoving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  <u>Anderson</u>, 477 U.S. at 257; <u>see</u>

Celotex Corp., 477 U.S. at 323–24.  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."  Hugh, 418 F.3d at 267 (citing Anderson, 477 U.S. at 251).

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue for trial exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322.

In this case, Slakis and Luzerne County argue over the standards used to determine whether relief may be granted under the 14th Amendment.  Luzerne County argues that summary judgment is appropriate under the standards for substantive due process and property interest procedural due process, whereas Slakis argues that summary judgment is not appropriate because disputes exist for facts material under the test for liberty interest procedural due process.  Because Slakis does not argue that relief should be granted under either substantive due process or property interest procedural due process, we may dispense with an evaluation of those arguments, and focus solely on whether summary judgment is appropriate under the elements of a procedural due process liberty interest claim.

## II.     THE PROCEDURAL DUE PROCESS CLAIM

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  "[I]t is fundamental that except in emergency situations . . . due process requires that when

a State seeks to terminate an interest . . ., it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." Bell v. Burson, 402 U.S. 535, 542 (1971) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)).

The Due Process Clause protects both the substance of what is deprived and also the procedure used to deprive it. Substantive due process protects the deprivation of rights fundamental under the Constitution. See Nicholas v. Pa. State Univ., 227 F.3d 133, 140 (3d Cir. 2000). "[P]ublic employment is not a fundamental right entitled to substantive due process protection." Hill v. Borough of Kutztown, 455 F.3d 225, 235 n.12 (3d Cir. 2006) (citing Nicholas, 227 F.3d at 142–43). Therefore, and as the County argues, summary judgment would be appropriate on a substantive due process claim, however as Slakis points out, she does not claim that the County violated her substantive due process rights.

To determine whether procedural due process requirements apply, the interest deprived must fall within the scope of the Fourteenth Amendment's protection of either liberty or property. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 570–71 (1972) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)); see also Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

Only property interests for which one has a "legitimate claim of entitlement" receive the protection of procedural due process. See Roth, 408 U.S. at 577. "A property interest in employment can . . . be created by ordinance, or by an implied contract . . . decided by reference to state law." Bishop v. Wood, 426 U.S. 341, 344 (1976); see Roth, 408 U.S. at 577. In Pennsylvania, "a 'public employee takes his job subject to the possibility of summary removal by

6

the employing authority. He is essentially an employee-at-will.'" Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005) (quoting Scott v. Phila. Parking Auth., 166 A.2d 278, 280 (Pa. 1960)). The parties stipulate that Luzerne County employed Slakis at will and that she was not a member of a collective bargaining unit. Therefore, Slakis lacks a property interest in her continued employment with Luzerne County that could trigger the Fourteenth Amendment's procedural due process property protections. See Bishop, 426 U.S. at 346 n.8.

The Defendant would have our inquiry end here, as it argues in its brief, because Slakis cannot support the elements of either a substantive due process claim or a procedural due process property claim, however, as Slakis makes clear in her brief opposing summary judgment, her claim is that her procedural due process rights were violated as to her liberty interest in her reputation. "[W]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Roth, 408 U.S. at 573 (quoting Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)). On summary judgment, that a public employee lacks a property interest in her employment is not fatal to her deprivation of liberty claim. See Demko v. Luzerne County Cmty. Coll., 113 F. Supp. 2d 722, 734 (M.D. Pa. 2000) (citing Brady v. Gebbie, 859 F.2d 1543, 1553 (9th Cir. 1988)).

  A. Elements of a Procedural Due Process Deprivation of Reputation Claim

To state a claim under § 1983 for deprivation of procedural due process, a plaintiff must allege that (1) she was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to her did not provide "due process of law." Hill, 455 F.3d at 233–34 (citing Alvin, 227 F.3d at 116). In the

context of public employment, to state a procedural due process liberty interest claim, a plaintiff must specifically allege four elements:

    1.    The government created and <u>publicly</u> disseminated <u>stigmatizing</u> information about the public employee-plaintiff.  See <u>Bishop</u>, 426 U.S. at 348.

    2.    The information is false or defamatory in nature.  See <u>Codd v. Velger</u>, 429 U.S. 624, 627–28 (1977).

    3.    The deprivation of some additional right or interest occurred, such as the termination of the public employment.  See <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976) ("[A] plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"); <u>Hill</u>, 455 F.3d at 236, 238 ("The creation and dissemination of a false and defamatory impression is the 'stigma,' and the termination is the 'plus.'").

    4.    The government did not provide a name-clearing hearing.  See <u>Codd</u>, 429 U.S. at 627 ("[T]he hearing required . . . where a nontenured employee has been stigmatized in the course of a decision to terminate his employment is solely 'to provide the person an opportunity to clear his name.'").

If no issues of genuine fact exist for these elements, and under the governing law, Luzerne County is entitled to judgment on this claim, then summary judgment should be entered for them. We view the facts in the light most favorable to Slakis, and analyze each element.

    B.    Application of Facts

The newspaper article identifies Slakis by name, details why she was terminated, and provides statements made by a county commissioner, imputable to Luzerne County, about her

termination. This article is "public" because it was disseminated to the Luzerne County community. The statements made in the article are stigmatizing because they suggest that Slakis was terminated for fraud. Slakis refutes the allegation that she took excessive time and did not keep track of her time properly; she essentially argues that she was a victim of workplace politics. She thus satisfies the defamation/falsity element. In addition, the parties do not dispute that Slakis was terminated. Because these facts, taken in the light most favorable to Slakis, only establish that Slakis may prevail against Luzerne County if this case were to continue to trial, summary judgment is not appropriate.

We note that neither party has briefed whether the meeting held between the County and Slakis on February 3, 2006 satisfied the requirements of Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Loudermill provides the standard to determine whether a name-clearing hearing satisfies the rigeur of procedural due process. See id. at 547–48.

## CONCLUSION

Viewing the evidence in the light most favorable to Slakis, we find that Luzerne County is not entitled to summary judgment as a matter of law. An appropriate order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA SLAKIS, | : |
| Plaintiff, | : |
| | : Case No. 3:06-CV-2141 |
| v. | : |
| | : (Judge Kosik) |
| COUNTY OF LUZERNE, | : |
| Defendant. | : |

## ORDER

AND NOW, this 17th day of September, 2008, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion for Summary Judgment is **DENIED**; and

2. A pre-trial conference will be scheduled forthwith.


*s/Edwin M. Kosik*
United States District Judge